IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY | * * * | |
| Plaintiff | * * | |
| V. | * * | NO: 4:11CV00020 SWW |
| IMG MARKETING, INC., d/b/a IMG MARKETING and IMG Total Solutions; and JERRY EDWARD RILEY | * * | |

## ORDER

Transamerica Life Insurance Company ("Transamerica") brings this diversity action against IMG Marketing, Inc. ("IMG") and Jerry Edward Riley ("Riley"). Before the Court are separate motions to dismiss by IMG and Riley (docket entries #19, #20, #21, #24) and Transamerica's responses in opposition (docket entries #29, #30, #31, #32). After careful consideration and for reasons that follow, the Court finds that venue is improper in this judicial district and that, rather than dismiss the case, the interest of justice requires transfer to the United States District Court for the Eastern District of Oklahoma, pursuant to **28 U.S.C. § 1406(a)**.

## Background

IMG is an Oklahoma corporation that collects premium payments from individuals enrolled in group insurance plans issued by Transamerica, and Riley is an Oklahoma resident and officer of IMG. Transamerica alleges that IMG has "misappropriated, converted, embezzled or stolen substantial amounts of monies which were tendered to it on multiple separate occasions by Arkansas insureds and other insureds of Transamerica and intended for (1) the payment of

1

premiums for insurance coverage administered and maintained in this judicial district and (2) ultimate receipt and posting by Transamerica's Worksite Marketing division in west Little Rock, Arkansas."  Compl., ¶ 20.

Transamerica filed this action pursuant to the Court's diversity jurisdiction, asserting claims for deceptive trade practices and conversion and a claim under **Ark. Code Ann. § 16-118-107**, which provides a civil cause of action for a person injured by reason of conduct that would constitute a felony under Arkansas law.  Transamerica seeks judgment against IMG and judgment "derivatively" against Riley for all damages incurred as a result of IMG's deceptive practice, plus punitive damages, appointment of a receiver, a constructive trust, and an accounting.

Along with the complaint, Transamerica filed a motion for appointment of a receiver and a motion for a temporary restraining order ("TRO") that would enjoin IMG from transferring assets, except as necessary to maintain the status quo.  On January 21, 2011, the Court granted the TRO and set a January 27, 2011 hearing date for Transamerica's motion for appointment of a receiver.

Neither IMG nor Riley appeared at the January 27 hearing, and Transamerica moved for an extension of the TRO on the ground that it had been unable to accomplish service on IMG.  Finding good cause, the Court extended the TRO, pursuant to **Fed. R. Civ. P. 65(b)(2)**, and rescheduled the hearing for February 7, 2011.

Shortly before the February 7 hearing convened, IMG and Riley filed motions to dismiss, and IMG moved to postpone a hearing on appointment of a receiver until resolution of the motions to dismiss.  The Court granted the motion to postpone, and pursuant to an agreement by

the parties, the Court converted the TRO into a preliminary injunction.

**Defendants' Motions to Dismiss**

Riley moves for dismissal on several grounds listed under Rule 12(b) of the Federal Rules of Civil Procedure: (1) improper venue, (2) improper service, (3) failure to state a claim on which relief can be granted, and (4) lack of personal jurisdiction. Likewise, IMG joins several grounds for dismissal pursuant to Rule 12(b): (1) improper venue, (2) failure to state a claim on which relief can be granted, and (3) failure to join a party under Rule 19.

The Court will first address Riley's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5). Under Rule 4(e)(2), a plaintiff may effect service by "delivering a copy of the summons and of the complaint to the individual personally . . . " **Fed R. Civ. P. 4(e)(2)**. The Eighth Circuit has held that a signed return of service constitutes *prima facie* evidence of valid service, "which can be overcome only by strong and convincing evidence." *Hicklin v. Edwards*, **226 F.2d 410, 414 (8th Cir.1955)**.

In support of his motion, Riley refers to a proof of service filed by Transamerica on January 26, 2011 (docket entry #11), which lists 7001 South Redbud, Broken Arrow, Oklahoma as Riley's residence. Riley reports that he does not reside at that address and did not receive the summons and complaint. However, after Riley moved for dismissal, Transamerica filed a second affidavit and proof of service, stating that Riley received personal service of the summons and complaint on March 2, 2011 at 521 South Woody Guthrie Street, Okemah, Oklahoma. Riley provides no evidence contradicting the affidavit of service, and the Court finds no basis for dismissal under Rule 12(b)(5).

Next, the Court turns to the issue of venue. In determining whether venue is proper, all

well-plead "allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." *Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. P'ship,* No. 4:04-CV-40304, 2005 WL 290011, *5 (S.D. Iowa Jan. 19, 2005)* (citing *5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed.2004)).* However, when an objection to venue is properly raised, the plaintiff shoulders the burden to show that venue is proper. *See Beckley v. Auto Profit Masters, L.L.C.,* 266 F. Supp.2d 1001, 1003 (S.D. Iowa 2003) (citing *Cohen v. Newsweek, Inc.,* 312 F.2d 76, 78 (8th Cir. 1963 and *15 Charles Alan Wright, et al., Federal Practice and Procedure* § 3826 (2d ed.1986)).

Transamerica asserts that venue is proper here pursuant 28 U.S.C. § 1391(a)(2), which provides that a civil action based on diversity jurisdiction may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(a)(2). According to Transamerica, the following facts make venue proper in this judicial district:

- The property that is the subject of the action is situated in this judicial district.
- The premium payments at issue were intended for ultimate receipt and posting by Transamerica in this judicial district.
- IMG has interacted and communicated with personnel of Transamerica located in this judicial district "by and through its service as the premium collection administrator for MFA members."

Contrary to Transamerica's assertion, the property that is the subject of this action is not situated in Arkansas. According to the complaint allegations, the funds which are the subject of this action are situated in the Eastern District of Oklahoma, not the Eastern District of Arkansas.

Furthermore, in deciding whether venue is proper under the transactional provision set forth in 1391(a)(2), the proper focus is the wrongful activities of the defendant, not the activities of the plaintiff or the lawful conduct or either party. *See Woodke v. Dahm*, **70 F.3d 983, 985 (8th Cir. 1995)**. Neither the location of insurance policies nor the fact that IMG was required to remit premium payments to a Transamerica location in Little Rock are relevant to the Court's inquiry. Nor can venue be founded on the allegation that IMG's misconduct affected group policy participants who reside in Arkansas and elsewhere.

Regarding IMG's interactions with Transamerica personnel in Little Rock, Transamerica submits copies of three series of email communications between Riley and Transamerica employees. *See* docket entry #31, Ex. C. Transamerica fails to explain how these communications comprise a "substantial part of the events or omissions" giving rise to its claim, and there is no indication from the face of the communications that they played a role in the alleged misappropriation of premium payments.

The first series of communications, dated August 21, 2010, show that Transamerica took over billing activities for the "Service Master group" and requested that Riley provide necessary billing information. The email messages provided indicate that Riley instructed IMG employee Penny Strunk ("Strunk") to send the requested billing information, and Strunk forwarded billing information to Transamerica.

The second series of messages, dated December 27, 2010 through January 5, 2011, show that Transamerica's W. Scott Grable ("Grable"), who works in Little Rock, requested that Strunk send him an update on premium processing for group participant Keller Williams. Riley responded to Grable, informing him that Strunk was on vacation, and Grable replied that he was

concerned and needed the information "this year."

The third series of messages, dated January 5, 2011, show that Grable directed Riley to process premium payments from a group plan participant named Sharon Hoover, who had demanded an accounting of her premium payments. Riley responded that Strunk was "working on processing payments."

Transamerica alleges in the complaint that IMG "misappropriated, converted, embezzled or stole" premium payments that it received in Oklahoma, but Transamerica does not allege that defendants committed wrongful conduct in this judicial district. The Court finds that Transamerica has failed to make a *prima facie* showing of venue and further finds that venue is not proper in this judicial district.

> **Title 28 U.S.C. § 1406(a)** provides:
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer* such case to any district or division in which it could have been brought.

**28 U.S.C.A. § 1406(a)** (emphasis added). Here, particularly with the insurance coverage of policyholders at stake and the need to keep the preliminary injunction in place, the Court finds that the interest of justice requires transfer rather than dismissal. Further, the Court finds that the United States District Court for the Eastern District of Oklahoma is a district in which the case could have been brought. Transamerica alleges that IMG and Riley are residents of Oklahoma, and that IMG's principal place of business is Okemah, Oklahoma, which is located in the Eastern District of Oklahoma.

Because the transferee court has personal jurisdiction over defendants, the Court need not determine whether it has personal jurisdiction over Riley. *See **Goldlawr, Inc. v. Heiman**, 369*

**U.S. 463, 466, 82 S. Ct. 913 (1962)**(Section 1406(a) "authorize[s] the transfer of [a] cas[e] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Leroy v. Great W. United Corp.*, **443 U.S. 173, 180-81**, 99 S. Ct. 2710(1979)(stating that a district court may address venue before personal jurisdiction when venue clearly improper). Finally, because the case will be transferred, the Court declines to make a determination on defendants' respective Rule 12(b)(6) motions to dismiss for failure to state a claim or IMG's 12(b)(7) motion to dismiss for failure to join a party under Rule 19.

## Conclusion

For the reasons stated, the Court finds that Defendants' motions to dismiss (docket entries #19, #20) should be and are hereby GRANTED IN PART. Specifically, Defendants' motions are granted to the extent that the Court agrees that venue is improper in this judicial district. However, Defendants' motions to dismiss for failure to state a claim and for failure to join a party under Rule 19 (docket entries #19, #20) REMAIN PENDING.

IT IS FURTHER ORDERED that this action is immediately transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED THIS 10TH DAY OF MARCH, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE